GOUGH, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*April 7—June 12, 1917.*

*Workmen's compensation: Action to review award: Jurisdiction of circuit court: Strict compliance with statute: "Adverse party" to be made defendant.*

1. Strict compliance with the requirements of sec. 2394—19, Stats., is necessary to give the circuit court jurisdiction of an action to review an award made by the industrial commission under the Workmen's Compensation Act.
2. Thus, unless the summons and complaint is served upon an adverse party within the twenty days limited by said section, the circuit court has no jurisdiction to proceed in any action which would necessarily affect the rights of such adverse party.
3. Where the industrial commission wholly disallowed the claim of the widow of an employee who was accidentally killed, and awarded compensation to his mother instead, the mother was an adverse party to the widow within the meaning of sec. 2394—19, Stats., their claims being conflicting.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming an award of the *Industrial Commission* in favor of defendant *Mrs. Thomas Gough.*

One John Gough was accidentally killed while in the employ of the *Flanner-Steger Land & Lumber Company.* The plaintiff, widow of said John Gough, made application for compensation before the *Industrial Commission;* his mother, *Mrs. Thomas Gough,* also filed her claim. For the convenience of all the parties 'the two applications were heard. at the same time and both claimants appeared and testified, and *Mrs. Thomas Gough* was cross-examined by the plaintiff's counsel.

The *Commission* made findings to the effect that deceased had contributed during the last years of his life to the support of his mother; that plaintiff and John Gough never lived together as husband and wife subsequent to the marriage, and the evidence discloses that he had deserted and expressed an intention to never live with her and had paid but $10 to her support and that of their child from the time of their marriage in December, 1912, to his death March 3, 1916; and an award was made disallowing the claim of the plaintiff entirely and awarding compensation to the mother, *Mrs. Thomas Gough.*

In June, 1916, and within the twenty days from the entry of the award, the plaintiff commenced an action in the circuit court for Dane county making the *Industrial Commission* and the *Flanner-Steger Land & Lumber Company,* the employer, parties. Subsequently demurrers were interposed by these defendants raising the question as to the omission to make *Mrs. Thomas Gough* a party. The demurrers being overruled, the then defendants and plaintiff stipulated that an amended summons and complaint making *Mrs. Thomas Gough* a party might be served, and the same was served upon

her on October 20, 1916. She appeared in said action and by answer raised the question of the jurisdiction of the court, on the ground that summons and complaint had not been served upon her as an adverse party within the twenty days after the entry of the award by the *Commission.* By amended answers the *Flanner-Steger Land & Lumber Company* and the *Commission* raised the same question as to jurisdiction. The circuit court overruled the objections as to the jurisdiction and confirmed the award of the *Commission,* and from the judgment entered in accordance therewith the plaintiff appeals.

*L. M. Nelson* of Marinette, attorney, and *M. J. Doyle* of Menominee, Michigan, of counsel, for the appellant.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

The following opinion was filed April 24, 1917:

ESCHWEILER, J. If the objection interposed by the defendants to the jurisdiction of the circuit court on the ground that *Mrs. Thomas Gough,* as an adverse party, was not served with summons and complaint within the twenty days from the date of the award to her by the *Industrial Commission* is well taken, it disposes of this action, and the questions raised by the plaintiff as to whether or not she was so dependent upon the deceased as to entitle her to compensation need not be considered.

The material part of sec. 2394—19, Stats., is as follows:

"The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; and the order or award, whether judgment has been entered thereon or not, shall be subject to review only in the manner and upon the grounds following: Within twenty days from the date of the order or award, any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award,

in which action the adverse party shall also be made defendant."

Among the evident purposes of the Workmen's Compensation Act was to provide for a speedy disposition of the vast number of claims for injuries arising in the industrial world and to prevent, as far as possible, delays that might arise from protracted litigation. It is therefore provided by this statute that the period within which any party aggrieved by a decision of the *Industrial Commission* must exercise the right therein given of having a review of the same is limited to twenty days from the date of the order or award, and the *Industrial Commission* and the adverse party must be made defendants in such proceedings. From the evident purpose of the act and the stringent language used in this statute so hedging in the right to review, we hold that unless the person feeling aggrieved by the order or award of the *Commission* pursues its dictates closely, the circuit court obtains no jurisdiction to review such order or award.

The plaintiff by her original complaint herein recited the proceedings before the *Commission,* which show the appearance of *Mrs. Thomas Gough,* the fact that the award was made to her instead of to plaintiff, and then demanded that the award should be set aside and judgment be entered in favor of plaintiff, thus showing full knowledge on her part of the position that *Mrs. Thomas Gough* occupied. Now, therefore, if *Mrs. Thomas Gough,* to whom an award was made on account of the death of John Gough, was such an adverse party to the plaintiff as is described in this statute, then the failure within the twenty days to commence the action against her gave the circuit court no jurisdiction to proceed.

To now find in favor of plaintiff would necessarily require the setting aside of the award in favor of the mother, *Mrs. Thomas Gough.* It is evident that an award to the mother could not be permitted to stand if an award should properly have been made to the widow. The rights, if any, therefore,

of the widow would necessarily be adverse to those of the mother, if any. The mother, *Mrs. Thomas Gough,* must therefore be held to be an adverse party within the meaning of the statute as well as the defendant employer, and, there having been no service upon the mother of the summons and complaint within the time fixed by the statute, the circuit court had no jurisdiction to proceed in any action which would necessarily affect her rights. *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 158 N. W. 292. The objections interposed to the jurisdiction of the circuit court should therefore have been sustained and the action dismissed.

The result of this decision is in effect to affirm the judgment of the circuit court so far as it confirmed the award of the *Industrial Commission,* even though it is upon another ground than that taken by the circuit court in its decision, and even though the circuit court should have dismissed the proceedings for want of jurisdiction, inasmuch as that would have necessarily restored the award of the *Commission* to its full effect.

*By the Court.*—The judgment of the circuit court is affirmed, no costs to be taxed by any party.

A motion for a rehearing was denied, without costs, on June 12, 1917.