NEW DELLS LUMBER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 5—October 23, 1917.*

*Workmen's compensation: Action to review award: Jurisdiction: Service of summons, etc., on adverse party: Extension of time.*

1. In an action under sec. 2394—19, Stats., to review an award made by the industrial commission, unless the summons and complaint are served upon the adverse party within the twenty days limited by said section, the circuit court has no jurisdiction to proceed so as to affect the rights of such adverse party.
2. Whether, in case of a default in such service of the summons and complaint, relief can be granted by extension of the time therefor or otherwise, is not decided. Such relief is denied in this case, in which the award was dated June 5th and service on the adverse party was made on July 6th.

New Dells Lumber Co. v. Industrial Comm. 166 Wis. 207.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from an order dismissing this action upon the ground that the court had no jurisdiction thereof for want of service of the summons and complaint on the defendant *Frieda Vennen* within twenty days of the *Commission's* award. This is an action to review an award of the *Industrial Commission.*

The award made to *Frieda Vennen* by the *Industrial Commission* was dated June 5, 1917. On June 12, 1917, the plaintiff, against whom the award had been made, served a summons and complaint on the *Wisconsin Industrial Commission,* and on July 6th served the same on *Frieda Vennen.*

The plaintiff procured an order from the court requiring the defendants to show cause why the service of the summons and complaint on *Mrs. Vennen* on July 6, 1917, should not be allowed to stand as complete service and that the time within which service may be made be enlarged so as to permit the service to stand.

The court dismissed the action on the ground that no service was made on *Frieda Vennen* within twenty days from the date of the award and order of the *Industrial Commission;* that no service having been made on this defendant within that time, the court had no jurisdiction to review the *Commission's* award and order. The court denied the motion of the plaintiff to permit the service made on the defendant to stand as a complete service, and also denied the motion to enlarge the time for the service on the ground that the court had no jurisdiction to enlarge the time for service of process in this action.

For the appellant there was a brief by *Sturdevant & Farr* of Eau Claire, and oral argument by *L. M. Sturdevant.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

New Dells Lumber Co. v. Industrial Comm. 166 Wis. 207.

For the respondent *Vennen* the cause was argued orally by *Fred Arnold* of Eau Claire.

Siebecker, J.   Sec. 2394—19, Stats., provides that a party aggrieved by an order or award of the *Industrial Commission* under the Workmen's Compensation Act may bring an action for the review thereof against the *Commission*, "in which action the adverse party shall also be made defendant." Under this statute it has been held that

"It would be unreasonable, if not absurd, to require the claimant under the award to be made a party defendant with no obligation to make service on him as a jurisdictional requisite to his being afforded his day in court. The fair meaning of the statute is that service on the *Commission* in the manner specified 'shall be deemed completed service' on it, and that the requirement as to making the 'adverse party' a defendant includes that of making service on such party as in ordinary cases." *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 602, 158 N. W. 292.

In the recent case of *Gough v. Industrial Comm.* 165 Wis. 632, 162 N. W. 434, it was held that the provision of this section of the act requires that the summons and complaint in such an action for the review of the award be served on the adverse party within the twenty days limited by the provision of the above section of the statute, and that in default of such service of the summons and complaint on the adverse party the court acquired "no jurisdiction to proceed in any action which would necessarily affect the rights of such adverse party." This adjudication declares the legislative intent of the statute and leaves no room for the contention that the legislature intended that "service upon the secretary of the *Commission* or any member of the *Commission* shall be deemed completed service," and that it confers jurisdiction on the circuit court to proceed in the action if the adverse party is made a party to such action, though not served with

a summons and complaint within the twenty days limited by the statute. It is not claimed that the summons and complaint in this action were put in the hands of the sheriff or other person authorized to make service thereof for the purpose of serving them on *Frieda Vennen* personally or by publication. No question, therefore, arises as to the effect of such an attempted service on *Frieda Vennen*. It is considered that, under the limitation of twenty days specified in sec. 2394—19 for the service of the summons and complaint in this class of actions, no facts and circumstances are presented by the plaintiff in this case for which relief from the default can be granted, if the statute permitted such relief, which is not decided.

*Bu the Court.*—The order appealed from is affirmed.