FRONTIER MINING COMPANY and another, Appellants, vs.
INDUSTRIAL COMMISSION and others, Respondents.

*October 11—November 6, 1918.*

*Workmen's compensation: Appeal from judgment affirming award:
Notice, upon whom to be served.*

Notice of an appeal by the employer from a judgment affirming
an award under the workmen's compensation act must be
served upon the claimants in whose favor such judgment was
rendered, they being the "adverse parties," within the mean-
ing of sec. 3049, Stats. Service upon the attorney general
(who, though required by law to appear on behalf of the
industrial commission, is not made attorney for the claim-
ants) is not sufficient.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Dismissed.*

The respondents *Hynes* and wife filed a claim with the
*Industrial Commission* for compensation on account of the
death of their minor son, alleged to have been accidentally
killed while in the employ of the appellant mining com-
pany. The *Commission* made an award in their favor,
whereupon the mining company and the insurance company
which had insured the risk brought this action to set aside
the award. The claimants did not appear in the circuit
court, but the attorney general appeared for the *Commis-
sion,* and after a trial was had the award of the *Commission*
was confirmed and the mining company and insurance com-
pany gave notice of appeal to this court. The notice was
directed to the attorney general and his assistant, Mr. Mes-
serschmidt, who appeared for the *Commission* in the trial
court, also to the clerk of the trial court. It was served on
the attorney general and clerk, but not on the claimants
*Hynes* and wife. The respondent *Commission* now moves
to dismiss the appeal because the notice was never served on
the claimants and the time for appealing has expired.

The cause was submitted for the appellants on a brief signed by *Roehr & Steinmetz,* attorneys, and *Ida E. Luick,* of counsel, all of Milwaukee, and for the respondent *Industrial Commission* on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

WINSLOW, C. J.    The statute provides that in such cases as the present it shall be the duty of the attorney general to appear on behalf of the *Industrial Commission* both in the circuit court and on appeal in this court.    Sec. 2394—22, Stats. 1917.    It is further provided that any party aggrieved by the judgment of the circuit court in such an action as the present may appeal therefrom within the time and in the manner provided for appeals from orders of the circuit court.    Sec. 2394—21.    Appeals from orders are taken by serving notice of appeal on the "adverse party" and on the clerk of the trial court within thirty days from the date of service of a copy of the order with notice of the entry thereof.    Secs. 3042, 3049.    In the present case the notice of appeal was not served on the claimants and the time limited for service thereof has expired.    It seems clear that the motion must be granted.    The claimants, in whose favor the judgment below was rendered, are manifestly the "adverse parties" upon whom the statute requires service of the notice of appeal.    They own the judgment of which the appellants complain and are the only persons who have any substantial pecuniary interest in maintaining it.

True, the *Industrial Commission* is also a party defendant and the law requires the attorney general to appear for the *Commission* in the circuit court and in this court.    It is true also that in defending the award for the *Commission* he necessarily defended the interests of the claimants, but nowhere does the statute make him their attorney; on the contrary the statute expressly says that he shall appear "on behalf of the commission."    The legislature could doubtless make him the attorney of the claimant at least for the pur-

poses of perfecting the appeal, but this court has no power to do so.

*By the Court.*—Appeal dismissed without costs.

