SHERWOOD, Appellant, vs. REDFIELD and another,
Respondents.

*December 5, 1919—March 9, 1920.*

*Workmen's compensation: Notice of appeal to supreme court:
Notice of entry of order of confirmation of award: Parties.*

Where in an action in the circuit court to set aside an award
of the industrial commission the claimant did not appear, but
the attorney general appeared for the commission and secured
affirmance of the award and served notice of entry of judg-
ment on the employer, the employer, to perfect his appeal,
under secs. 2394—21, 3042, Stats., limiting the time to thirty
days from date of service by "either party on the other" of
the notice of entry, must serve notice within thirty days on
both the attorney general and claimant, the judgment being
indivisible and notice of entry by the attorney general oper-
ating for both parties.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Dismissed.*

This is a motion to dismiss an appeal. The respondent
*Redfield* obtained an award before the *Industrial Commis-
sion* against his employer, *Sherwood,* for the loss of an eye
occurring during his employment, and *Sherwood* brought
this action to reverse the award in the circuit court for Dane
county. The *Industrial Commission* appeared by the at-
torney general, the claimant not appearing, and the case was
tried and the award affirmed. Thereupon judgment of
affirmance was entered and notice of entry thereof was
served by the attorney general on the appellant, but the
claimant served no notice of entry of judgment. Within
the time allowed by the statute for taking an appeal from
such a judgment (namely, thirty days from the service of
notice of the entry thereof—secs. 2394—21, 3042, Stats.),
the appellant served notice of appeal on the attorney gen-
eral, but served no notice of appeal on *Redfield* until several
months later and after the making of the present motion.
The attorney general moves to dismiss the appeal because
of failure to serve a notice of appeal on *Redfield* within

thirty days after service of the notice of entry of judgment by the attorney general.

*Winfield W. Gilman,* assistant attorney general, for the motion.

*T. C. Richmond* of Madison, *contra.*

The following opinion was filed January 13, 1920:

WINSLOW, C. J.   This case is in all respects similar to the case of *Frontier M. Co. v. Industrial Comm.* 168 Wis. 157, 169 N. W. 312, except that in the last named case no service of the notice of appeal was at any time made on the claimant, while in the present case such service was made after the expiration of the thirty-day period and after the motion to dismiss had been made.   It was assumed by counsel and court in the *Frontier Case* that the notice of entry of judgment served by the attorney general on behalf of the *Commission* set the thirty-day period in which appeal might be taken in full operation, so that if it was necessary to serve the notice on the claimant personally it must be done within the period.   The contention made there was that the attorney general, though appearing for the *Commission,* in fact represented the claimant as well, and hence that service of notice of appeal on him was in effect service upon the claimant.

In the present case the contention is that the notice of entry of judgment served by the attorney general can only serve to set the thirty-day period running in favor of the *Commission,* and that, no notice having been served by the claimant, the thirty-day period has never commenced to run in his favor, and hence that both appeals are properly here.

We have given the subject very careful consideration and feel convinced that this contention cannot and ought not to prevail in a case like the present.   This is a case where the judgment is a single indivisible proposition in favor of two parties.   No part of it could be reversed as to one party and affirmed as to the other; it must be affirmed as to both parties or reversed as to both parties.   It is not a case where

there is a judgment with a number of provisions, some affecting one party and some another, some of which could be reversed while others could be affirmed. In such case it may well be that notice of entry of judgment should be given by each party having a separate interest to protect (although we do not decide the point now), but no such considerations are present here. There is here but a single judgment, and a single proposition in dispute. On one side of that proposition stands the appellant insisting on reversal, on the other side stand the *Commission* and the claimant insisting on affirmance. The statute (sec. 3042) limits the time to thirty days from the date of the service "by either party upon the other" of the notice of entry. We hold that in the case of a single indivisible judgment like the present in favor of two litigants, a notice served by one of them upon the adverse party is to all intents and purposes a notice served by one party upon the other, and sets the thirty-day period running in favor of both. Any other construction would lead to absurd results. Take the present case, for instance. Suppose the appellant had allowed the thirty-day period to pass by and served no notice of appeal on the *Commission,* but afterward concluded to serve notice of appeal on the claimant. Under the contention of the appellant he could do so and prosecute his appeal to a judgment of reversal, and the situation would then be that there would be no award so far as the claimant is concerned, but there would be a robust and full-grown award so far as the *Commission* is concerned, which never could be affected because the time for appealing had expired.

We have found little authority which throws any light on the subject and have preferred to decide the question upon the evident intent of the statute.

*By the Court.*—Appeal dismissed without costs.

A motion for a rehearing was denied, without costs, on March 9, 1920.