ARCHER, Appellant, vs. INDUSTRIAL COMMISSION OF WIS-
CONSIN and others, Respondents.

*December 15, 1924—January 13, 1925.*

*Workmen's compensation: Action to review order dismissing ap-
plication: Insurance carrier as adverse party: Service on
claim adjuster: Validity.*

1. An insurance carrier which has appeared in proceedings for
   compensation brought by an injured employee is an adverse
   party within sec. 102.23, Stats., in an action to set aside an
   order dismissing the employee's application, and must be
   made a party defendant by due service.   p. 588.
2. Service on a so-called "resident manager" of the insurance
   company, shown to be a mere claim adjuster, is not service
   upon the "managing agent" of the corporation within the
   meaning of sub. (10), sec. 2637, Stats.   p. 588.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge.   *Affirmed.*

Plaintiff received an injury while in the employ of the
National Brake & Electric Company, which was under the
Wisconsin workmen's compensation act and insured by the
Employers Mutual Liability Company.   Both the employer
and the insurance company appeared in the proceedings be-
fore the *Industrial Commission,* which resulted in a dismissal
of plaintiff's application for an award of damages.   To test
the correctness of the action of the *Industrial Commission*
this action was begun and service was made upon the *Indus-
trial Commission* and the employer, but the only service
sought to be made upon the insurance company was service
upon one H. G. Barelman, who was an employee of the in-
surance company, to wit, one of its adjusters of claims at its
branch office in Milwaukee, "but had then and has no other
relation whatever of employment or otherwise to the said
defendant" insurance company.   The trial court held that
the insurance company was an adverse party within the
meaning of sec. 102.23, Stats., and that it had not been duly

served.   From a judgment dismissing the action the plaintiff appealed.

The cause was submitted for the appellant on the brief of *William A. Schroeder* and *Jacob S. Rothstein,* both of Milwaukee, and for the respondent *Industrial Commission* on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

VINJE, C. J.    In this case it is held: (1) that an insurance company insuring an employer under the Wisconsin workmen's compensation act which has appeared in the proceedings for compensation brought by an injured employee is an adverse party within the meaning of sec. 102.23, Stats., in an action by such employee to set aside an order dismissing his petition for compensation, and must be made a party defendant by due service.   *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 158 N. W. 292; *Gough v. Industrial Comm.* 165 Wis. 632, 162 N. W. 434; *New Dells L. Co. v. Industrial Comm.* 166 Wis. 207, 164 N. W. 824; *Youghiogheny & Ohio C. Co. v. Lasevich,* 171 Wis. 347, 176 N. W. 855.   (2) That service upon a so-called "resident manager" of a corporation, shown to be only a claim adjuster and having no other relation whatever of employment or otherwise to the corporation, is not service upon a "managing agent" of the corporation within the meaning of sec. 2637, sub. (10).

*By the Court.*—Judgment affirmed.