RATHJEN, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*December 8, 1939—January 16, 1940.*

For the appellant there was a brief by *Frawley & Frawley* of Eau Claire, and oral argument by *W. H. Frawley, Jr.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan.*

FRITZ, J.   The material facts shown by pleadings and the exhibits attached thereto in relation to the proceedings and record before the Industrial Commission are as follows :   On July 27, 1935, the plaintiff Rathjen, while in the employment of the Ludington Telephone Company as a line repairman, was injured and sustained a severe shock when lightning struck a line which he was repairing.   Upon a hearing on his petition filed with the commission for the payment of compensation for injury sustained by "shock resulting from lightning following wires," an examiner for the commission made findings of fact that Rathjen sustained temporary total

disability and later partial disability but no permanent disability, and upon those findings an award was made on January 6, 1937, ordering certain payments as compensation, which "when made shall be in full release of liability." Subsequently, on Rathjen's application the commission on January 29, 1937, awarded the further sum of $250 to Rathjen for "additional intermittent disability resulting in wage loss sufficient to entitle the applicant" to that amount. No petition to review the examiner's findings or his and the commission's orders and awards of January 6 and 29, 1937, was filed by Rathjen, and they were not set aside, modified, or changed by any order of the commission within the periods of time allowed therefor by subs. (2) and (3) of sec. 102.18, Stats. Likewise no court action to review or set aside either of those orders and awards was commenced by Rathjen within thirty days from the date thereof as was permissible under sec. 102.23 (1), Stats. But on September 3, 1937, he filed a petition with the commission with the prayer that its orders of January 6 and 29, 1937, be vacated, set aside, or modified to the end that he may be permitted to present evidence "relating to said injury and said occupational disease, the nature and extent of his physical incapacity caused by reason of said electrical shock, and of his physical condition during all the times herein set forth, and the fact that he has suffered much and will continue in the future to suffer much from said injuries and said resulting occupational disease caused by said electrical shock named in the proceedings herein, and the nature and extent that he was incapacitated and will be incapacitated from performing gainful labor in the future by reason of the facts herein set forth." On September 9, 1937, the commission sent a letter to the insurance carrier and copies thereof to the employer and Rathjen's attorneys, in which it stated,—

"In view of the petition now filed and in view of the present record, we would like to know whether you and the employer are willing to give further voluntary consideration to

this man's claim, and whether or not you wish to check up on the matter promptly with him and his attorneys. . . . We wish the insurance company and employer would at once check up on the matter and advise us and the attorneys for the applicant and the applicant as to what their attitude in the matter will be."

The insurer replied on November 26, 1937,—

"It is our intent to have Mr. Rathjen report back to Dr. Rosenberger for a further check up and observation. Following receipt of Dr. Rosenberger's report, we will be able to inform you as to our position in the case."

Between the date of that letter and July, 1938, by arrangements made voluntarily between the parties and the commission, Rathjen was examined by physicians selected by the parties, and also a physician whom the commission appointed with the insurer's permission and at its expense to make an independent examination, the physicians' reports were submitted to the commission, and examiners conducted hearings at which the physicians testified and were cross-examined. On August 2, 1938, the commission wrote Rathjen's attorneys and the insurance carrier, in a letter written by the commission's director of workmen's compensation, that,—

"This matter was heard at Eau Claire on June 8, 1938. As the parties are aware, the case was closed by the commission's final order of January 29, 1937. The purpose of hearing was to ascertain whether the insurance carrier should be requested voluntarily to accept additional liability. The company was willing to do so, provided the commission, upon the testimony presented, should feel that additional compensation should be paid. Before the hearing, it will be remembered that Mr. Rathjen was referred to Dr. Reese, who made an independent medical examination and reported to the commission, copy of which was supplied to the parties. In view of the independent examiner's report, and in view of the testimony given, the commission concludes that it is not warranted in requesting the carrier to assume additional liability. We are, therefore, closing our file."

Likewise, in a letter written by the director on August 15, 1938, in reply to an inquiry by Rathjen's attorneys as to whether the letter of August 2d was a final disposition of the matter, he said,—

"Inasmuch as the order, which was issued on January 29, 1937, was final, the commission is without jurisdiction to make further order. The insurance carrier had agreed that if the commission found, upon testimony presented, that further compensation should be paid, the carrier would consider voluntary assumption of additional liability. Inasmuch as the commission feels that the present record does not warrant a further payment, we are closing our file."

Thereupon Rathjen commenced this action in the circuit court on August 31, 1938. The employer and its insurance carrier filed answers, but the commission noticed a motion to dismiss the action for want of jurisdiction, which was granted by the court and is under review on this appeal.

Rathjen's first contention is that the commission could not make a motion to dismiss the action because it was not a proper party in interest inasmuch as (a) it was not to pay an award of compensation, and (b) issue had been joined by answers filed by the employer and its compensation insurance carrier. That contention cannot be sustained. In such actions, the commission is not a mere nominal party, but is a necessary as well as a real party in interest. Sec. 102.23 (1), Stats., which authorizes the commencement of an action to review an order or award of the commission by a party aggrieved thereby, expressly provides that it shall be "an action against the commission," and directs that "the commission shall serve its answer within twenty days after the service of the complaint." Furthermore, it is provided in sec. 102.64 (3), Stats., that,—

"In any action to review an order or award of the commission, and upon any appeal therein to the supreme court, the attorney general shall appear on behalf of the commission, whether any other party defendant shall be represented or not; . . ."

and it is provided in sec. 102.25 (1), Stats., that,—

"Said commission, or any party aggrieved by a judgment entered upon the review of any order or award, may appeal therefrom within the time and in the manner provided for an appeal from the orders of the circuit court. . . ."

It is apparent from those provisions that it was clearly the legislative intention to have the commission be a real party in interest, and not a mere nominal party, even though it is not financially interested in the outcome of the litigation. And that that was the legislative intention is evidenced by the statement in the report of the legislative committee on industrial insurance (1911) that,—

"The object of having the action to review brought against the board is two-fold: (1) If any error is made it will be an error made by the board, the fraud of the board that may be subject to review. Consequently, the board should defend its own action, and this will be done at the expense of the state."

Moreover, the right of the commission as a real party in interest to move for the dismissal of such an action because of the court's want of jurisdiction was recognized in *Archer v. Industrial Comm.* 185 Wis. 587, 201 N. W. 768, by the affirmance of the trial court's judgment dismissing the action on the motion of the Industrial Commission; and also in *Frontier M. Co. v. Industrial Comm.* 168 Wis. 157, 169 N. W. 312, and *Sherwood v. Redfield,* 171 Wis. 91, 175 N. W. 782, in which appeals to this court were dismissed on the commission's motions on the ground that there was a want of jurisdiction because of failure to serve the notice of appeal on all defendants. See also *Milwaukee County v. Industrial Comm.* 228 Wis. 94, 100, 101, 279 N. W. 655.

On the other hand, as the commission contends, the order under review must be sustained if plaintiff's action was not commenced within thirty days after the date of the order of the commission which is to be reviewed. The circuit court has only such power to review orders and awards of the com-

mission as are conferred by provisions in the compensation act (ch. 102, Stats. 1937) (*Albion v. Industrial Comm.* 202 Wis. 15, 19, 231 N. W. 249) ; and unless an authorized action is commenced within the time and in the manner prescribed by the act, no jurisdiction is acquired by the circuit court. *Gough v. Industrial Comm.* 165 Wis. 632, 635, 162 N. W. 434; *New Dells Lumber Co. v. Industrial Comm.* 166 Wis. 207, 209, 164 N. W. 824. Such jurisdiction cannot be conferred by consent. *Welhouse v. Industrial Comm.* 214 Wis. 163, 165, 252 N. W. 717. The only jurisdiction conferred is such as the circuit court has by virtue of the provisions in sub. (1) of sec. 102.23, Stats., that the commission's "order or award, either interlocutory or final, whether judgment has been rendered thereon or not, shall be subject to review only in the manner and upon the grounds following : Within thirty days from the date of the order or award of the commission as a body any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant." As this court has said in respect to those provisions,—

"From the evident purpose of the act and the stringent language used in this statute so hedging in the right to review, we hold that unless the person feeling aggrieved by the order or award of the commission pursues its dictates closely, the circuit court obtains no jurisdiction to review such order or award." *Gough v. Industrial Comm., supra.*

It follows that the circuit court did not have jurisdiction if the commission's order or award which is to be reviewed was made more than thirty days prior to the commencement of this action on August 31, 1938. On that issue it appears from the record that no order or award was made by the commission after January 29, 1937, which was over seventeen months prior to the commencement of this action.

After that date there was no act or proceeding on the part of the commission which resulted in an order or award. Its jurisdiction or power to change, modify, or set aside its prior orders under subs. (3) and (4) of sec. 102.18, Stats., within the periods of time allowed thereby, had terminated several months prior to the filing of Rathjen's petition dated August 23, 1937, unless it appeared upon a hearing "that a mistake has been made in an award of compensation for an injury when in fact the employee was suffering from an occupational disease," and that therefore the commission could (under sub. (5) of sec. 102.18, Stats.) "within three years, set aside such award, and make a new award under this section." There is nothing in the commission's letters of August 2 and 15, 1938, which can be deemed to constitute a new order or award. On the contrary it clearly appears from those letters, as well as its letter of September 9, 1937, that the commission was fully aware that it was without jurisdiction to make any further order; that the acts of the parties and the commission between September 2, 1937, and August 15, 1938, were but voluntary and without any authorization or effect in law; and that, inasmuch as the present record did not warrant any order for further payment, the commission had to close its file. Consequently, the commencement of this action within thirty days from August 15, 1938, the date of the last of the commission's letters, was not in time to invoke the jurisdiction of the circuit court.

Rathjen also contends that the court erred in granting the motion to dismiss because he was entitled, by reason of allegations in his petition of August 23, 1937, to have a review of the commission's failure to make findings as to the existence of an occupational disease, and as to whether a mistake had been made in awarding of compensation for an injury when in fact he was suffering from an occupational disease. He claims that if the commission had so found it was within its powers to set aside its award within three years and make

a new award under the provisions of sub. (5) of sec. 102.18, Stats., that "if it shall appear to the commission on due hearing that a mistake has been made in an award of compensation for an injury when in fact the employee was suffering from an occupational disease, the commission may within three years, set aside such award, and make a new award under this section." Those contentions cannot be sustained for the reason, among others, that it does not appear either from the allegations in Rathjen's petition dated August 23, 1937, or the allegations in his complaint in this action, or otherwise, that he was suffering from an occupational disease, as distinguished from the injury due to the accident for which he was awarded compensation. Construed liberally and most favorably to him, his allegations merely show that as the result of but a single accidental injury, which was the result of an electrical shock upon lightning striking a telephone line which he was repairing, he claims to have a disease which he characterizes as an occupational disease. In that respect his allegations, at best, show that his claim for additional compensation is for injury which occurred on July 27, 1935, and not for an occupational disease. If, as plaintiff claims, the electrical shock which he received on July 27, 1935, caused a disease, it was a traumatic disease as the result of the accidental injury by reason of the electrical shock. No occupational disease, acquired as the result of working in his employment over an appreciable period of time is shown by plaintiff's allegations, and there is no allegation which shows the contraction of an occupational disease as that term is used in the compensation act. The mere fact that a disease follows as a result of an accident does not constitute suffering therefrom an occupational disease within the contemplation of the act. An occupational disease, as that term is used in the act, is a disease like silicosis, which is acquired as the result and an incident of working in an industry over an extended period of time. The difference between an occupa-

tional disease and an affliction resulting from an accident is illustrated in hernia cases. Where hernia follows as a result of a definite accident the employee suffers an accidental hernia, as in *Prentiss Wabers Prod. Co. v. Industrial Comm.* 230 Wis. 171, 283 N. W. 357; but where it develops as the result of certain types of lifting for a number of years, the employee may have an occupational hernia as in *Marathon P. M. Co. v. Industrial Comm.* 203 Wis. 17, 233 N. W. 558. It follows that inasmuch as the facts alleged by plaintiff are insufficient to show that he is suffering from an occupational disease and that a mistake has been made in awarding compensation for an injury instead of for an occupational disease, the provisions in sec. 102.18 (5), Stats., permitting the setting aside of an award within three years under such circumstances are not applicable. *State ex rel. Watter v. Industrial Comm., ante,* p. 48, 287 N. W. 692.

*By the Court.*—Order affirmed.