# EX PARTE WHITNEY STEAMBOAT CORPORA-
# TION, PETITIONER.

### ON PETITION FOR WRIT OF PROHIBITION.

No. 25, Original.    Argued December 9, 1918.—Decided March 3, 1919.

The jurisdiction acquired by the District Court through an attachment of a vessel on a libel *in rem*, and the power of the court to subject the same vessel to a second attachment in a second like action, are not ousted by a requisition of the use of the vessel, made by the United States Shipping Board under authority of the Act of June 15, 1917, c. 29, 40 Stat. 182, and an order of the President, for war purposes, but without displacing the custody and possession of the marshal. P. 118.

And an order of the District Court, made on application of the Shipping Board, with the consent of the libelants, permitting such vessel to be put at the service of the Government for war purposes while still remaining in the custody of the marshal, through the master as special deputy, for the purposes of the court's jurisdiction, is not subject to objection by an owner who had entered no appearance for the ship. *Id.*

Rule discharged; petition dismissed.

THE case is stated in the opinion.

*Mr. Alexander S. Bacon,* for petitioner, contended that no jurisdiction *in rem* could exist under the second attachment, mainly because the Government had through its executive branch taken over the physical possession. The vessel was clearly exempt from seizure. *The Siren,* 7 Wall. 152, 154; *Thomas A. Scott,* 10 L. T. Rep. H. M. 726; *Athol,* 1 W. Rob. 374; *Broad-Mayne* [1916], 1 P. D. 64; *The Pampa,* 245 Fed. Rep. 137; *The Davis,* 10 Wall. 15, 19.

The Shipping Board could not consent to a suit against the United States or affecting its authority. *Stanley* v. *Schwalby,* 162 U. S. 255, 270.

Mr. Peter S. Carter, with whom Mr. George W. McKenzie was on the brief, for respondent.

MR. JUSTICE PITNEY delivered the opinion of the court.

Petitioner, a corporation of the State of New York, is the owner of the steamship H. M. Whitney, her engines, etc., which vessel, on April 18, 1918, while in petitioner's possession, was attached by the United States marshal for the Eastern District of New York in an action in rem brought by the Patent Vulcanite Roofing Company in the District Court of the United States for that district. On April 27, 1918, while the vessel was in the possession of the deputy marshal under the process in that action, the United States Shipping Board established by Act of September 7, 1916, c. 451, 39 Stat. 728, acting under authority of the Act of June 15, 1917, c. 29, 40 Stat. 182, and the President's Executive Order of July 11, 1917,[1] in-

---

[1] EXECUTIVE ORDER

By virtue of authority vested in me in the section entitled "Emergency Shipping Fund" of an Act of Congress entitled "An Act Making appropriations to supply urgent deficiencies in appropriations for the Military and Naval Establishments on account of war expenses for the fiscal year ending June thirtieth, nineteen hundred and seventeen, and for other purposes," approved June 15, 1917, I hereby direct that the United States Shipping Bc  d Emergency Fleet Corporation shall have and exercise all power and authority vested in me in said section of said act, in so far as applicable to and in furtherance of the construction of vessels, the purchase or requisitioning of vessels in process of construction, whether on the ways or already launched, or of contracts for the construction of such vessels, and the completion thereof, and all power and authority applicable to and in furtherance of the production, purchase, and requisitioning of materials for ship construction.

And I do further direct that the United States Shipping Board shall have and exercise all power and authority vested in me in said section of said act, in so far as applicable to and in furtherance of the taking over of title or possession, by purchase or requisition, of constructed vessels, or parts thereof, or charters therein; and the operation, management and disposition of such vessels, and of all other vessels hereto-

115.                    Opinion of the Court.

structed one Smith as its agent to take possession of the
steamer in behalf of the United States.  This Smith did
*pro forma* on April 29, but without dispossessing the mar-
shal or his deputy.  On May 16, Theodore A. Crane's
Sons Company filed its libel *in rem* against the steamer
in the same court, and under process in this suit the mar-
shal, who already had her in custody, again attached the
vessel.  Afterwards, and on May 29, the Shipping Board,
by its counsel, appeared before the court, stated that the
use of the vessel was needed by the Government for war
purposes, that the marshal was still in custody by virtue
of the writs of attachment in the two suits referred to,
and that the Board did not desire to raise an issue over
the possession of the property as between two depart-
ments of the Government, and moved the court to direct
the marshal to release her.   No appearance having been
entered in behalf of the ship, the court heard proctors
for the libelants and counsel for the Shipping Board, and
on motion of the latter, with consent of the former, made
an order entitled in the two causes directing that the mar-
shal be permitted to appoint the master of the ship as a
special deputy United States marshal, that this deputy
remain in possession of the vessel in behalf of the marshal,
that the vessel, in his custody, be turned over to the
Shipping Board for purposes connected with the war, the
special deputy marshal or his substitutes to remain always
in possession, and that the vessel be returned to the cus-
tody of the marshal upon being released from requisition
by the Shipping Board.

---

fore or hereafter acquired by the United States.  The powers herein
delegated to the United States Shipping Board may, in the discretion
of said Board, be exercised directly by the said Board or by it through
the United States Shipping Board Emergency Fleet Corporation, or
through any other corporation organized by it for such purpose.

                              WOODROW WILSON.
The White House,
    11 July, 1917.

Thereafter the present petitioner, claimant of the vessel, appeared specially by counsel and moved the District Court to quash the attachment in the Crane suit and dismiss the libel on the ground of want of jurisdiction. These motions, after argument, were overruled; and at a subsequent date motions for a rehearing and for a certificate of jurisdiction as the basis of a direct appeal to this court were denied upon the ground that the claimant had no standing to attack the validity of the attachment.

Thereafter this court granted leave for the filing of a petition for a writ of prohibition, and made an order upon the judges of the District Court to show cause why such writ should not issue. Return was made by the judge who had acted in the proceedings above mentioned, and, the matter having been argued here by counsel for the petitioner and by counsel for the Crane Company, the question for decision is whether the prohibition ought to be issued, or the order to show cause discharged.

The validity of the attachment in the suit of the Vulcanite Company and the continued possession of the marshal or his deputy under that process are not in controversy. No bond was given or deposit made for release of the vessel pursuant to § 941, Rev. Stats., or the admiralty rules of this court or of the District Court. Hence the vessel remained, for all purposes of the action, in the custody of the court. The requisition of the Shipping Board extended merely to the use of the ship for war purposes, and did not in fact take her out of the custody of the court. So far as any interest of the petitioner was concerned, there was nothing to prevent the vessel from being subjected to attachment under process in the Crane Company suit; and as she actually was subjected to that process by the action of the marshal, the jurisdiction of the court in that suit was complete, and the owner's only recourse was to enter appearance therein, with or without giving a bond or making a deposit.

If the custody of the ship by the officer of the court was inconsistent with the purposes of the Executive, acting through the Shipping Board, this was not a matter of which petitioner could take advantage. The application of the Board through its counsel for an order permitting the vessel to be put at the service of the Government for war purposes while still remaining in the custody of the marshal for the purposes of the court's jurisdiction, consented to by the only other parties who had a standing in court, was a sufficient warrant for the order made.

*Order to show cause discharged and petition dismissed.*