YOUGHIOGHENY & OHIO COAL COMPANY and another, Respondents, vs. LASEVICH, Respondent, and INDUSTRIAL COMMISSION OF WISCONSIN, Appellant.

UNION REFRIGERATOR TRANSFER COMPANY, Respondent, vs. KRSIAK, Respondent, and INDUSTRIAL COMMISSION OF WISCONSIN, Appellant.

*February 13—May 4, 1920.*

*War: Alien enemies: Custodian of alien property: Party to litigation involving property of alien enemy: Workmen's compensation: Action to review award: Adverse party.*

1. The party in whose favor an award is made by the industrial commission is an "adverse party" within sec. 2394—19, Stats., requiring the "adverse party" to be made a defendant in an action against the industrial commission to review its orders and awards.
2. The alien property custodian appointed by the President under the act of October 6, 1917, as amended March 28, 1918, and November 4, 1918, prohibiting trading with the enemy, is vested with the interest and qualified title to the moneys and property of the enemy to the exclusion of such enemy.
3. Said alien property custodian is a necessary party to actions involving the property acquired by him, he being the government's representative to protect its rights and those of the alien enemy; and in an action to review an award made by the industrial commission to nonresident alien enemies he is an "adverse party" under sec. 2394—19, requiring an adverse party to be made a defendant to such action.

APPEALS from orders of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The appeals were from orders overruling demurrers of the defendant *Industrial Commission.*

In both cases the *Industrial Commission* made awards under the workmen's compensation act to widows of men accidentally killed in the course of their employments and ordered that such awards be paid to the alien property custodian. In each case the employing companies brought action to set aside the awards of the *Commission* on the

grounds that it had acted in excess of its powers in entering awards against the plaintiffs for the reason that the widows to whom the awards were made were at all times in question nonresident alien enemies and therefore unable to institute or maintain the actions. The *Industrial Commission* demurred to the complaints on the ground that it appears on the face thereof that there is a defective party defendant by reason of the omission of Francis P. Garvin, alien property custodian.

The trial court found that the alien property custodian has no beneficial interest in the amount of the awards and that his only duty is to serve as a depositary for the amounts awarded until such time as they may be paid to the applicants, and that the alien property custodian is not an adverse party within the meaning of the statute requiring the adverse party to be made a party defendant in an action to set aside an award of the *Industrial Commission.*

Orders were entered overruling the demurrer in each case. An appeal was taken from each of such orders.

For the appellant there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the plaintiff respondents there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

*William H. Timlin, Jr.,* of Milwaukee, as *amicus curiæ.*

The following opinion was filed March 9, 1920:

SIEBECKER, J.   It is provided by statute that orders and awards of the *Industrial Commission* are reviewable only by action against the *Commission* if commenced within twenty days, "in which action the adverse party shall also be made defendant." Sec. 2394—19, Stats. The party in whose favor the award is made is an adverse party in such an action. *Gough v. Industrial Comm.* 165 Wis. 632, 162 N. W. 434.

The question arises, Is the alien property custodian appointed by the President of the United States under the trading with the enemy act of October 6, 1917 (amended March 28, 1918, and November 4, 1918), a necessary party within the contemplation of the Wisconsin statute above referred to? The demurrer was overruled on the ground that the alien property custodian has no beneficial interest in the award. As indicated in the foregoing statement, the *Industrial Commission* made the awards in these cases payable to such custodian, to be held by him and to be administered and accounted for as provided by law. It is unquestioned that this act of Congress was a proper exercise of its powers in time of war. *Fischer v. Palmer,* 259 Fed. 355, and cases cited.

The act provides for the appointment of the property custodian by the President. The various provisions of the act prescribe for the care, custody, and administration of the property, and regulate property rights of enemies and their allies in the United States pending the war, and declare, among other things, that

"All moneys paid to or received by the alien property custodian pursuant to this act shall be deposited forthwith in the treasury of the United States. . . . After the end of the war any claim of any enemy . . . to any money or other property received and held by the alien property custodian or deposited in the United States treasury shall be settled as Congress shall direct." Barnes, Federal Code, 1919, § 10212.

It is declared in Senate Report No. 113 concerning this act:

"The most novel and important feature of this portion of the bill [the conservation and utilization of enemy property during the war] is the requirement that all money and quick assets paid over to the government shall be invested in United States bonds. . . . By this means enemy property is temporarily conscripted by the government to finance the government through investment in these bonds, and to be

paid back to the enemy or otherwise disposed of at the end of the war, as Congress shall direct."

We cannot doubt that these purposes of the act are fully accomplished by its provisions and that the alien property custodian, under his appointment by the President, became vested with an interest and qualified title to the moneys and property. He thus acquired substantial rights and interests to the exclusion of the enemy. This conclusion is also sustained by the fact that the alien enemy cannot sue in the courts of this country to enforce his rights to such property unless Congress shall confer on him this privilege in the final disposition of such property. The various provisions of the act, in connection with the powers conferred by the President on the alien property custodian, clearly vest in this official such right and interest in alien enemy property, which makes him the representative of the government to protect its rights and those of the alien enemy in litigation where such property is involved. This makes him a necessary party to these actions and an adverse party within the contemplation of the provisions of sec. 2394—19, Stats.

The demurrers were improperly overruled.

*By the Court.*—The orders appealed from overruling the demurrers for defect of parties are reversed, and the causes remanded with direction that orders be entered sustaining the demurrers.

A motion for a rehearing in each of the above cases was denied, with $25 costs, on May 4, 1920.