MILWAUKEE-WESTERN FUEL COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*October 19—November 16, 1920.*

*Workmen's compensation: Action to review award: Jurisdiction: Necessary parties to action: Alien property custodian: Alien dependent.*

1. The court obtains no jurisdiction to review an award of the industrial commission under the workmen's compensation act unless an action is commenced for that purpose within twenty days after the date of the award, in which the adverse party, namely, the person in whose favor an award is made, shall be made a defendant.

2. Where an award under the compensation act for the death of an alien enemy was made payable to the alien property custodian under the federal Trading with the Enemy Act—40 U. S. Stats. at Large, 411, ch. 106, sec. 7 (c),—a nonresident infant dependent of the deceased employee was not the "adverse party" required to be made a defendant to an action by the employer to review the award. The alien property custodian has title to the award which was made in his favor, and is the adverse party in an action to test its legality, the alien dependent being a proper but not a necessary party to the action.

APPEAL from a judgment and an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This action was brought to set aside an order and award of the *Industrial Commission,* wherein it was determined that on July 14, 1918 (while we were at war with Austro-Hungary), Stojan Ziroz suffered a fatal accident while in the employ of the plaintiff; that he left surviving him a minor son residing in Austria; that the minor son was living with deceased and solely and wholly dependent upon him for support; that the minor son was entitled to the sum of $2,843.02; that this sum should be paid by plaintiff to the alien property custodian and be held by him and administered by him as provided by law.

The *Industrial Commission, Francis P. Garvin,* custodian of alien property, and *Lazo Ziroz* (the minor son) were named parties to the action. A copy of the summons and complaint was served on Dr. Herschman, as representative of the royal consulate of Sweden and sole legal representative of *Lazo Ziroz,* but no personal service was made on *Lazo Ziroz* and no service was made on him by publication. The sheriff returned that *Lazo Ziroz* could not be found.

The case was heard before the court. The *Industrial Commission* and the alien property custodian defended the action on the ground that the court was without jurisdiction because *Lazo Ziroz* was not served with the summons and complaint nor by publication. The trial court held that *Lazo Ziroz* was an adverse party and service must be made upon him, and that, there having been no such service, the court is without jurisdiction. Plaintiff then made a motion for an order permitting an amendment of the summons and complaint by making Dr. Herschman, as representative of the royal consulate of Sweden and the sole legal representative of *Lazo Ziroz,* a party to the action. An affidavit was offered showing that Dr. Herschman had been served with the summons and complaint, was served with notice of trial, and signed a stipulation in the action continuing the case in circuit court, and that he thus appeared in the action. The plaintiff's motion was denied on the ground that the court had no power to permit an amendment bringing in new parties more than twenty days after the order or award complained of.

Plaintiff appeals from the judgment of the court dismissing the action for want of jurisdiction, also from an order denying plaintiff's motion to make Dr. Herschman a party to the action.

For the appellant there were briefs by *Fawsett & Smart* of Milwaukee, and oral argument by *Edward M. Smart.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Garvin,* alien property custodian, there was a brief by *W. H. Timlin, Jr.,* attorney, and *Timlin & Dean,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Timlin.*

SIEBECKER, C. J.   The trial court properly held that it is the settled law of this state that the court obtains no jurisdiction to review an award of the *Industrial Commission* unless an action is commenced for that purpose within twenty days after the date of the award, "in which action the adverse party shall also be made a defendant" (*Gough v. Industrial Comm.* 165 Wis. 632, 162 N. W. 434), and that the adverse party is "the one in whose favor the award was made." *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 158 N. W. 292.   The question presented is, Did the court err in holding that *Lazo Ziroz* is a necessary adverse party and that he must be served with summons to obtain jurisdiction of the action?   That *Lazo Ziroz,* if served, would be a proper party may be conceded.   The inquiry remains: Is he an adverse party who must be served with process to acquire jurisdiction?   As above stated, the award is made payable to the alien property custodian under the federal Trading with the Enemy Act and the executive orders made pursuant to the authority conferred by Congress.   40 U. S. Stats. at Large, 411, ch. 106.   Sec. 7 (c) of this act provides:

"If the President shall so require, any money or other property owing or belonging to or held for, by, on account of, or on behalf of, or for the benefit of any enemy or ally of enemy not holding a license granted by the President hereunder, which the President after investigation shall determine is so owing or so belongs or is so held, shall be conveyed, transferred, assigned, delivered, or paid over to the alien property custodian."

The record discloses that the President, through the alien property custodian, has determined that the award in question be required to be paid to the alien property custodian.

There is no controversy respecting the propriety of this requirement upon the ground that *Ziroz* was an ally of an enemy and that the demand was effectively made. It is provided by executive order of February 26, 1917, that such demand "shall forthwith vest in the alien property custodian such right, title, interest, and estate in and to and possession of the money or other property demanded and such power or authority thereover as may be included within the demand, and the alien property custodian may thereupon proceed to administer such money and other property in accordance with the provisions of the .'Trading with the Enemy Act,'" under the orders, rules, and regulations authorized to be made. The effect of the act and executive orders is to vest title in the custodian. *Youghiogheny & Ohio C. Co. v. Industrial Comm.* 171 Wis. 347, 176 N. W. 855. The necessary consequence is that *Lazo Ziroz* retains no right or power over the award and the alien property custodian has title thereto to the exclusion of *Ziroz.* Under these conditions he cannot be considered the adverse party within the contemplation of the statutes and hence he is not a necessary party to the action to test the legality of the award in court. The alien property custodian is in law the adverse party for the purposes of this action as the person in whose favor the award is made. Service and appearance of the alien property custodian gave the court jurisdiction of the parties and the subject of the action. The court having acquired jurisdiction and the necessary parties appearing in the action, plaintiff is entitled to proceed to litigate the issues that may be presented. This makes it unnecessary to discuss other questions in the case. The application to amend the summons and complaint to make Dr. Herschman a defendant in his capacity of representative of the royal consulate of Sweden becomes immaterial.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded for further proceedings.