## In re SPIER AIRCRAFT CORPORATION.
### Appeal of COOMBS.
#### No. 8340.

Circuit Court of Appeals, Third Circuit.

Argued July 14, 1943.

Decided Aug. 4, 1943.

Max L. Rosenstein, of Newark, N. J., for appellant.

Thorn Lord, Asst. U.S. Atty., of Trenton, N. J. (Charles M. Phillips, U.S. Atty., of Trenton, N. J., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and KIRKPATRICK, District Judge.

GOODRICH, Circuit Judge.

The bankrupt, Spier Aircraft Corporation, was a manufacturer of aeronautical parts and equipment. On or about March 5, 1943, while the receiver was negotiating and arranging for the sale of the bankrupt's assets, the United States served him with a notice that in accordance with the Act of October 16, 1941, as amended by the Act of March 27, 1942,[1] and the executive orders of the President,[2] the machinery and tools of the bankrupt had been requisitioned. On March 9, the receiver filed a petition seeking a restraining order against the government representatives, officers of the United States Navy, who had been designated to take possession of the property requisitioned. A temporary restraining order and rule to show cause why it should not be made permanent were issued against the Department of the Navy. On March 10, the day the rule was argued, the United States filed its petition asking the District Court to direct the receiver to comply with the order of requisition. The government's petition was granted and this appeal was taken by the receiver, now trustee, of the bankrupt's estate.

### Is the Question Moot?

The government has filed a motion to dismiss this appeal on the ground that the question raised has become moot since the assets of the bankrupt have, pursuant to the District Court's order, been delivered to the Department of the Navy. The property, it is said, has been distributed by the latter and can never be reassembled. These facts though not appearing of record are tacitly admitted by the receiver.

The only relief sought by the receiver in the court below was an order restraining the representatives of the

---

[1] 50 U.S.C.A.Appendix § 721 et seq.

[2] Section 4 of the Act, id., §. 724, authorizes the President to exercise any power or authority conferred upon him by the Act, through any department, agency, board, or officer as he shall direct or appoint.

Navy from interfering with the proposed sale of the bankrupt's assets, that is to enjoin the government from obtaining title and possession to the assets by requisition. The property having been disposed of pursuant to the court's order allowing the requisition[3] the relief sought by the appellant cannot be granted for there is nothing upon which it can now effectively operate. The court's order, however, went further and ordered the receiver to institute such proceedings under the statute as shall be necessary for the protection of the rights of creditors of the bankrupt. And since the scope of appellant's arguments embraces this part of the order, the appeal is not dismissed.

Jurisdiction of the Bankruptcy Court.

The main point of appellant's argument is that the bankruptcy court, having assumed jurisdiction over the assets of the bankrupt, may protect that jurisdiction and custody of the assets by injunction. No other branch of the government, here the executive, it is said, can encroach upon, limit, or divest that jurisdiction.

■■■ The power of a bankruptcy court to maintain by injunction its custody and administration of the bankrupt's estate is derived from § 2 sub. a(15), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a (15), and the court's inherent equitable powers.[4] Actions commenced after the initiation of bankruptcy proceedings seeking to reach property of the estate are enjoinable by the bankruptcy court. These actions are usually ones brought by creditors outside the bankruptcy court to enforce liens. Even if the requisition in this case could be considered as an analogous proceeding so as to bring it within

the rules stated in the cases cited by the appellant, his argument must fail him. Here the disposal of the assets was in accordance with the order of the court, not contrary to it. In stressing this point we do not mean to imply that court approval of the requisition was necessary. Because Congress has by statute set up procedures giving certain courts authority to deal with the assets of those who are insolvent does not necessarily establish that those assets cannot be reached by peremptory means in a time of national emergency, especially when the latter means are also provided by Congressional authority. The tendency of current authority is to recognize fully the existence of the power called for in such emergency.[5] But we need not decide the extent to which the Navy could go in taking this property from the custody of the court's officer without permission or against its order, for an order directing the honoring of the requisition was in fact made.

■■■ Equally without merit is the contention that the compensation for the property taken is a matter for the sole determination of the bankruptcy court. The statute authorizing the requisition provides that the executive is to fix the amount of fair and just compensation. Provision is made for resort to the courts if the amount so fixed is not acceptable. In its order the court instructed the receiver to institute the appropriate statutory proceedings for compensation. We have no doubt that this was proper. Upon the requisition the trustee had a cause of action which accrued after the institution of bankruptcy proceedings, just as if property belonging to the estate had been

---

[3] The appeal to this Court did not operate as a stay of proceedings. See Federal Rules of Civil Procedure, Rule 62, 28 U.S.C.A. following section 723c, and 2 Collier on Bankruptcy (14th Ed., 1940) ¶ 25.12.

[4] See Steelman v. All Continent Corp., 1937, 301 U.S. 278, 57 S.Ct. 705, 81 L. Ed. 1085.

[5] "By statutes * * *, domestic courts may be given exclusive jurisdiction over certain property, including its disposition. Assuming the continued existence of such laws in time of war, do they prevent the executive branch of the government ·from taking such property by eminent domain or under the war power? In view of the sovereign nature of the power to take property for war

purposes and the necessity of leaving to administrative determination the time and the extent of the taking, as well as the disposition of the property taken, it is believed that the powers of the courts in such cases is subject to the exercise of the war power or the eminent domain power." Marcus, The Taking and Destruction of Property Under a Defense and War Program (1942) 27 Corn.L.Q. 317, 476, at p. 502. See In re Inland Waterways, Inc., D.C.Minn.1943, 49 F. Supp. 675. But cf. Ex parte Whitney Steamboat Corporation, 1919, 249 U.S. 115, 39 S.Ct. 192, 63 L.Ed. 507; The Pietro Campanella, D.C.Md.1941, 41 F. Supp. 656; The Villarperosa, D.C.E.D. N.Y.1942, 43 F.Supp. 140, cited by the author.

negligently destroyed by a third person. In the latter case the trustee is relegated to a plenary action either in the federal court when the requisite jurisdiction exists or in the state court. See § 23 of the Bankruptcy Act, 11 U.S.C.A. § 46; 2 Collier, supra ¶¶ 23.02, 23.16, 23.19. Instead of being the trustee of the chattel for the benefit of creditors of the bankrupt, he is trustee of the chose in action for its loss. Here, the statute authorizing the requisition provides an exclusive remedy which the bankrupt, if solvent, would have had to pursue, and which the trustee, in his stead, must follow.

### Is the Determination of Necessity Reviewable?

■ The statute authorizes the President to make requisitions whenever he determines that the need is immediate and that "all other means of obtaining the use of such property * * * upon fair and reasonable terms have been exhausted."[6] Such determination must also be made by the authorities to whom the President has delegated his power. The appellant challenges the truth of the statements to this effect in the petition to the court and in the requisition proposal. It is claimed that the property could have been acquired by the government by submitting bids at the sale of the estate's assets which was to be held by the receiver and that, in fact, a bid of $132,300 had been submitted by Simmonds Aerocessories, Inc., financed by the government through the Defense Plant Corporation.

■ The statute vested in the executive, in the exercise of his discretion, the power to make the determinations required. That determination has been made here and is not to be reviewed by us. The scope for the exercise of judgment and discretion by the President and Congress to meet the exigencies of war is a wide one and it is not for the courts to sit in review of the action taken in organizing war effort at home or the operation of armed forces in direct contact with the enemy. Hirabayashi v. United States of America, 1943, 63 S.Ct. 1375, 87 L.Ed. ——. This principle was applied where a requisition made during the last war by the executive arm of the government pursuant to Congressional authorization was attacked as in excess or abuse of discretion. Dakota Central Telephone Company v. State of

---

6 The pertinent parts of the statute are: § 1, 50 U.S.C.A.Appendix § 721: "Whenever the President, during the national emergency * * * determines that (1) the use of any military or naval equipment, supplies, or munitions, or component parts thereof, or machinery, tools, or materials necessary for the manufacture, servicing, or operation of such equipment, supplies, or munitions is needed for the defense of the United States; (2) such need is immediate and impending and such as will not admit of delay or resort to any other source of supply; and (3) all other means of obtaining the use of such property for the defense of the United States upon fair and reasonable terms have been exhausted, he is authorized to requisition such property for the defense of the United States upon the payment of fair and just compensation for such property to be determined as hereinafter provided, and to dispose of such property in such manner as he may determine is necessary for the defense of the United States. The President shall determine the amount of the fair and just compensation to be paid for any property requisitioned and taken over pursuant to this Act and the fair value of any property returned under section 2 of this Act (section 722 of this Appendix), but each such determination shall be made as of the time it is requisitioned or returned, as the case may be, in accordance with the provision for just compensation in the fifth amendment to the Constitution of the United States. If, upon any such requisition of property, the person entitled to receive the amount so determined by the President as the fair and just compensation for the property is unwilling to accept the same as full and complete compensation for such property he shall be paid 50 per centum of such amount and shall be entitled to sue the United States in the Court of Claims or in any district court of the United States in the manner provided by sections 24(20) and 145 of the Judicial Code (U.S.C., 1934 ed., title 28, secs. 41(20) and 250) for an additional amount which, when added to the amount so paid to him, he considers to be fair and just compensation for such property. Such courts shall also have power to determine in an appropriate proceeding any questions that may arise with respect to the amount of the fair value to be paid upon the return of any property under section 2 of this Act (section 722 of this appendix), regardless of the amount in controversy in any such proceeding."

South Dakota, 1919, 250 U.S. 163, 39 S.Ct. 507, 63 L.Ed. 910, 4 A.L.R. 1623. Similar decisions already have been made in this war under the statute in question. In re Inland Waterways, Inc., D.C.Minn. 1943, 49 F.Supp. 675; Alpirn v. Huffman, D.C. Neb. 1943, 49 F.Supp. 337.

But even if the action taken were reviewable, appellant has not shown that there was an abuse of discretion. The apparent purpose of the statute is to assure that urgently needed property shall be obtained by the government quickly and upon reasonable terms. Purchase by competitive bidding, which appellant suggests could have been made, is obviously hostile to the ends sought. There is not only a lack of certainty that the property will be purchased upon reasonable terms but absence of any assurance that it will be obtained at all.

### Payment of Compensation.

There remains one point to which even appellant accords but a casual treatment. It is that under the statute and Fifth Amendment of the Constitution compensation for the property taken had to be determined and paid before the requisition was made. However, the Fifth Amendment does not require the ascertainment and payment of compensation prior to a taking; it is sufficient if provision is made for prompt payment and the duty of compensation is fulfilled where the public faith or credit has been expressly or even impliedly pledged. Crozier v. Fried. Krupp Aktiengesellschaft, 1912, 224 U.S. 290, 306, 32 S.Ct. 488, 56 L.Ed. 771; Hurley v. Kincaid, 1932, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637.

Nor does the statute require that determination and payment of compensation be made prior to the requisition. The wording of the statute is clearly to the effect that although compensation shall be made in accordance with the Fifth Amendment, it may be made after the requisition. "The President shall determine the amount of the fair and just *compensation* to be paid for any property *requisitioned* and *taken over* pursuant to this Act and the *fair value* of any property returned under section 2 of this Act * * *" (italics added). When payment is required in advance, the wording of the statute differs materially. Property which has been requisitioned shall be returned to the owner, "if the original owner de-

sires the property and pays the fair value thereof, * * *." Section 2, 50 U.S.C.A. Appendix § 722. Compare also the phraseology of 40 U.S.C.A. § 258a of the Act governing declarations of taking, where an advance deposit is specifically required. This point was considered by the court in Alpirn v. Huffman, supra, and we agree with the conclusion there reached.

The order of the District Court is affirmed.