### TRELOAR v. STEGGEMAN.

1. MASTER AND SERVANT—AGREEMENT WITH UNION—VACATION PAY.
Agreement between union and defendant employer, assumed
to be binding upon latter for purposes of decision, which set
forth that an employee who had worked for the employer
for 6 months and was on the seniority list of the employer
on December 1st was entitled to certain vacation pay, did
not entitle employees to such pay, where, although they had
fulfilled the requirement as to length of employment, the
employer had ceased operating the business in September
because it was no longer profitable to operate it, as em-
ployees were not employed on December 1st.

2. SAME—AGREEMENT WITH UNION—CONSTRUCTION.
An agreement between union, representing employees, and the
employer which contains a clear statement as to claimed
rights as to vacation pay, when applied, must be applied
as written, since there is no doubtful meaning to be resolved
and it is not for a court to review or redetermine the con-
siderations which led to the use of the particular terms
used.

Appeal from Wayne; Brennan (John V.), J. Sub-
mitted January 17, 1952. (Docket No. 87, Calendar
No. 45,330.) Decided April 7, 1952.

Action by Elmer Treloar against Louis B. Stegge-
man, doing business as S & B Tool Company, for
money allegedly due in lieu of vacation. Judgment
for plaintiff in common pleas court. Defendant ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Master and Servant § 32.
[2] 12 Am Jur, Contracts § 229; 31 Am Jur, Labor § 113.

pealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Rothe, Marston, Bohn & Mazey,* for plaintiff.

*Harry N. Grossman* and *J. Leonard Hyman,* for defendant.

REID, J. Plaintiff began this suit by filing declaration in common pleas court for the city of Detroit, suing on 3 counts on his own behalf and as assignee of 7 other employees of defendant. Defendant denied liability. The common pleas court rendered judgment for plaintiff for $958.93 and costs. Defendant appealed to the circuit court for Wayne county, which rendered judgment for defendant of no cause of action. Plaintiff appeals to this Court.

Plaintiff claims and defendant denies, that a duly authorized agent of defendant entered into an agreement with the UAW, locals 155 and 157, which agreement among other things, gave plaintiff and his assignors, as employees of defendant, certain vacation benefits. In view of our decision hereinafter stated, we deem it sufficient to accept for the purposes of this decision only, plaintiff's contention that the agreement in question was binding on defendant.

The pertinent provisions of the agreement, which in booklet form was received in evidence as exhibit No 7 on the trial, are contained in exhibit B attached to the booklet, and are as follows:

"Compensation in lieu of vacation shall be paid on the following basis:

"1. Employees on the seniority list of the company [*i.e.,* defendant] on December 1, 1947, who will have completed at least 6 months' work since December 1, 1946, shall be entitled to compensation in lieu of vacation.

"2. Such employees having more than 6 months' but less than 1 year of seniority shall receive 20 hours pay.

"3. Such employees having 1 year or more of seniority shall receive 1/12 of the following allowances for each month or major portion thereof worked between December 1, 1946, and November 30, 1947. * * *

"5. Compensation in lieu of vacation shall be payable on December 20, and shall be determined on the basis of the individual employee's straight time hourly rate of pay, exclusive of any bonus, either for night shift or for overtime as of December 1, 1947."

During the month of September, 1947, defendant permanently ceased operations for the reason that the business was being operated at a loss, making it impossible for defendant to continue business. Before us is the sole issue, is plaintiff entitled to vacation pay?

Plaintiff contends that defendant's voluntary cessation of operations before December 1, 1947, cannot justly deprive plaintiff of the earned vacation money due plaintiff.

Plaintiff cites and relies on *In re Wil-Low Cafeterias, Inc. (Kaftan v. Siegel)* (CCA), 111 F2d 429. In that case, Kaftan had been an employee for the bankrupt Wil-Low Cafeterias, Inc., for whom Siegel became trustee in bankruptcy. The question was over the validity of the claim of Kaftan for vacation pay. The agreement with the union provided:

"All full time employees who will have concluded 6 months' employment during the months of June, July, August, or September shall be entitled to 3 days' vacation with pay. All full time workers who will have completed 1 year's employment during the said months shall be entitled to a week's vacation with pay. All vacations shall take place during the months of June, July, August and September but

may take place at any other time by consent of the union and the employer."

The debtor operated under the contract until June 7, 1938, when the debtor was adjudicated bankrupt; 7 of its 12 stores were immediately closed and the employees thereof summarily discharged. Kaftan had worked for the debtor for 9 years, and was one of the discharged employees. He had received no vacation though his vacation had already been set for August. The court found that Kaftan had completely earned his vacation prior to his discharge and allowed his claim for pay for the vacation.

Kaftan had met the 2 qualifying requirements: First, the 6-month period of work, and second, that the end of the 6-month period should be in one of the 4 months, June, July, August and September. As distinguished from the qualification of Kaftan in the *Wil-Low Cafeterias Case,* the plaintiff Treloar in the instant case met only 1 qualification, that is the 6 months' work, and did not meet the second necessary qualification, the qualification date of December 1, 1947. The cited judgment in the *Wil-Low Cafeterias Case* does not furnish a precedent for plaintiff in the instant case, as to plaintiff Treloar's second required qualification.

The trial judge in the instant case recites in his opinion:

"The record shows that while the first of these conditions, namely, the minimum 6-month term of work, was fulfilled by plaintiffs, the second condition, namely, employee on the seniority list of the company on December 1, 1947, was not fulfilled by plaintiff Elmer Treloar, or by any of his coemployee assignors."

The cessation of operations by defendant in September, 1947, must be regarded as though an involuntary act by defendant, and not a merely willful

violation of any agreement to continue the business. He had a perfect right to discontinue an unprofitable operation.

Plaintiff claims that the agreement should be liberally construed in his favor. The agreement clearly prescribes a condition precedent to vacation pay that the employee shall be on the seniority list on December 1, 1947, as well as having completed at least 6 months' work since December 1, 1946. The 2 conditions precedent are clearly stated and there is no doubtful meaning to be resolved in plaintiff's favor. We must apply the clear provisions of the agreement as we find them. It was competent for the parties to fix and agree upon December 1, 1947, as the eligibility date and it is not for the court to advance the eligibility date to suit the convenience or wishes of one party to the agreement. It is not for us to review or redetermine the considerations that led to the fixing of the date as December 1, 1947.

Plaintiff and his assigns have failed to qualify under the requirements of the agreement and are not entitled to vacation pay.

The judgment appealed from is affirmed. Costs to defendant.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.