GIVHAN v. FEDERATED METALS DIVISION, AMERICAN
SMELTING & REFINING COMPANY.

1. MASTER AND SERVANT—UNION CONTRACT—VACATION PAY.

Agreement between union and defendant employer which clearly
set forth that an employee would be entitled to vacation pay
if year's service were completed during period from April to
October, did not entitle employees to vacation pay where em-
ployer terminated business in February.

2. COSTS—VACATION PAY.

No costs are allowed in action by former employee, individually
and as assignee of other former employees of defendant em-
ployer, to recover vacation pay after termination of business.

Appeal from Wayne; Bowles (George E.), J.
Submitted June 6, 1961. (Docket No. 4, Calendar
No. 48,986.) Decided September 23, 1961.

Action by Stanford Givhan, for himself and as
assignee of others, against Federated Metals Divi-
sion, American Smelting & Refining Company, a New
Jersey corporation, for sums claimed due for vaca-
tion pay. Judgment for defendant. Plaintiff ap-
peals. Affirmed.

*Rothe, Marston, Mazey, Sachs & O'Connell (Wil-
liam Mazey, of counsel), for plaintiff.*

*Hill, Lewis, Andrews, Adams, Goodrich & Power
(Marlin F. Scholl and Lee B. Durham, Jr., of coun-
sel), for defendant.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Labor § 104.
    Construction and effect of vacation pay clause in collective labor
    agreement. 30 ALR2d 351.
[2] 14 Am Jur, Costs § 29.

KELLY, J.   This case is submitted on a stipulation of facts which are essentially as follows:

In October, 1956, plaintiff and his assignors, through their collective bargaining representative, Local 1542, United Steelworkers of America, entered into a collective bargaining agreement with defendant company, which was to run until October of 1959.  In February, 1959, defendant company permanently terminated its Detroit plant operations because the business was operating at a loss, and plaintiff and his assignors were advised through their union that the defendant company would voluntarily make severance payments to them "on termination of their employment" and each received severance pay.

This action is brought for vacation pay under the bargaining agreement contract and the parties have stipulated the amount due, should plaintiff and his assignors prevail, to be $15,142.60.

The contract provided that "each employee who was continuously in the service of the company for 12 months or more and was in receipt of earnings for at least 60% of the regular work period for the preceding 12 months" would be entitled to vacation pay at the regular straight time rate then being received by the employee.

The company had in previous years paid employees their vacation pay beginning the first of April of a given year and at appropriate times thereafter as called for by the collective bargaining agreement, as applied to individual employees.  It was also stipulated that plaintiff and his assignors had received 60% of earnings for the regular work period of 12 months, which would have extended to April through October of 1959 but for the closing of the plant.

Defendant contends plaintiff and his assignors are not entitled to vacation pay since they were not

employees following February of 1959, their continuous service being broken by the termination, and that they did not complete 12 months continuous service during the period April through October, 1959. Plaintiff contends defendant's voluntary closing of the plant does not relieve it from its obligation to pay vacation pay and that the acceptance of the severance pay was not a waiver of rights.

Wayne Circuit Judge George E. Bowles, in an opinion finding for defendant company, stated:

"On the authority of *Treloar* v. *Steggeman*, 333 Mich 166, which is still the law of Michigan, defendant must prevail and no cause for action be found. * * *

"Plaintiff does not seriously attempt to distinguish the instant case from *Treloar* but rather cites contrary authority in other jurisdictions and in the awards of professional labor arbitrators.

"This case and *Treloar* cannot be distinguished on the facts or the law, in my judgment. Both contracts establish, as qualifying requirements, not only length of service and number of hours worked but also set forth that employees be required to be on the seniority list on a given date."

We agree with the trial court's conclusion that: "This case and *Treloar* cannot be distinguished on the facts or the law."

The contract is not ambiguous and clearly states that to be entitled to vacation pay plaintiff and his assignors must be employees completing continuous service during the period of April to October. It is not disputed that plaintiff and his assignors did not meet this requirement.

Affirmed. No costs.

DETHMERS, C. J., and CARR, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.