In the Matter of MUSKEGON MOTOR SPECIALTIES COMPANY, Debtor.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO, and Its Local 1272, Voluntary Unincorporated Associations, Respondents-Appellants,

v.

Louis F. DAVIS, Trustee of Muskegon Motor Specialties Company, A Delaware Corporation, Petitioner-Appellee.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO, and Its Local 1272, Voluntary Unincorporated Associations, Plaintiffs-Appellants,

v.

WOODLIN METAL PRODUCTS COMPANY, a Division of Muskegon Motor Specialties Company, A Delaware Corporation, and Louis F. Davis, Trustee in Bankruptcy, Defendants-Appellees.

Nos. 14982, 14983.

United States Court of Appeals Sixth Circuit.

Feb. 27, 1963.

Nancy Van Lopik, Detroit, Mich., Livingston, Ross & Miller and Winston L. Livingston, Detroit, Mich., on brief, for appellants.

Leonard Meldman, Detroit, Mich., Joseph S. Radom, Detroit, Mich., on brief, for appellees.

Peter A. Damman, General Counsel, David Ferber, Associate General Counsel, Allan Roth, Attorney, Washington, D. C., Thomas B. Hart, Regional Administrator, J. Kirk Windle, Attorney, Chicago, Ill., on brief, for S. E. C.

Before CECIL, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

This is one of an increasing number of cases coming before the courts involving the application and legal effect of an arbitration clause in a collective bargaining agreement. In the present case, the Union claims that the District Court should have surrendered, in favor of arbitration, its exclusive jurisdiction to determine claims of employees for vacation pay against the estate of a defunct debtor in reorganization proceedings.

The collective bargaining agreement entered into between the Union and a division of the debtor contained a provision for vacation pay for employees having one year or more seniority and on the seniority list *as of May 31st*.

On February 12, 1960 the division went out of business and discharged all its employees. Thereafter it disposed of its plant and equipment.

The Union claimed vacation pay for the employees covering the employment period of June 1, 1959 to May 31, 1960. It asserted that even though the division had closed its plant and had no employees as of May 31, 1960, the employer should nevertheless pay for the vacations to which they would have been entitled if it had remained in business. Upon refusal of the employer to accede to this claim, the Union made a demand for arbitration of the grievance. On February 27, 1961 the Union filed suit in the District Court to compel arbitration.

On April 12, 1961 the debtor filed in the District Court a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq., which petition was subsequently amended to comply with Chapter X, 11 U.S.C. § 501 et seq. The District Court entered an order approving the petition and enjoining and staying all suits against the debtor which would interfere with the exclusive jurisdiction of the court. A trustee for the debtor was appointed by the court and he was added as a party defendant in the suit to compel arbitration. The trustee also filed a petition for an order rejecting the executory provisions of the collective bargaining agreement.

The District Court disposed of both matters in an opinion in which he refused to surrender jurisdiction to arbitration.

In this Court the Securities and Exchange Commission has filed a brief supporting the position of the appellees.

It appears that the arbitration demand was probably motivated by the Union's belief that it would fare better with this procedure than in the bankruptcy court.

The Supreme Court of the State of Michigan, where the agreement was made and to be performed, held in similar cases that the employee had no claim for vacation pay against an employer who had gone out of business prior to the date when the employees' rights thereto had become fixed. Treloar v. Steggeman, 333 Mich. 166, 52 N.W.2d 647; Givhan v. Federated Metal Div., 364 Mich. 370, 110 N.W.2d 763. An arbitrator had granted vacation pay in Tobe Deutschmann Corp., 35 L.A. 179 (1960).

█ The reorganization court had "exclusive jurisdiction of the debtor and its property, wherever located." 11 U.S. C. § 511. When the petition for reorganization was approved, the court had all the powers of a bankruptcy court upon adjudication and of a court of equity. 11 U.S.C. §§ 514, 516. These included the right to provide for the manner of the proof and allowance of claims and to determine the validity and amount thereof. 11 U.S.C. § 596; Lesser v. Gray, 236 U.S. 70, 35 S.Ct. 227, 59 L.Ed. 471. The bankruptcy court does not ordinarily surrender its jurisdiction except under exceptional circumstances. Mangus v. Miller, 317 U.S. 178, 186, 63 S.Ct. 182, 87 L.Ed. 169. Whether the bankruptcy court should surrender its jurisdiction to another tribunal involved the exercise of judicial discretion. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876.

The Union argued that clear federal policy favored arbitration of labor disputes and this constituted such an exceptional circumstance as required the bankruptcy court to surrender its jurisdiction to arbitration. It relied principally on United Steel Workers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steel Workers of America v. Enterprize Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; United Steel Workers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409. The

Union pointed out circumstances where bankruptcy or reorganization courts have approved the surrender of jurisdiction. Foust, Admr. v. Munson SS Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (Action for wrongful death under Merchant Marine Act of 1920); In re Spier Aircraft Corp., 137 F.2d 736 (C.A. 3) (eminent domain); Nathanson v. N. L. R. B., 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (Back pay award of National Labor Relations Board).

■ In the case at bar, as the District Court found, labor peace was not an issue. The employer was out of business and had no plant or employees. The collective bargaining agreement had expired on April 14, 1961. Whatever rights the employees had for vacation pay under the collective bargaining agreement had already become fixed. All that remained was a question of law which, it seems to us, could better be passed on by the court rather than an arbitrator. This case does not involve working conditions or practices in a shop, but the law of the land.

The cases where the bankruptcy court surrendered jurisdiction do not support the Union's position. In those cases, jurisdiction was surrendered either to another court of competent jurisdiction or to an administrative agency which was empowered by law to hear and determine the particular controversy. In Foust, Admr. v. Munson SS Lines, supra, there was involved a right to a jury trial in a wrongful death case. In Spier Aircraft Corp., supra, it was held that a proceeding in eminent domain should be determined by the court in which it was filed. In Nathanson v. N. L. R. B., supra, the order of the Board finding the company guilty of an unfair labor practice was made before bankruptcy. The Board was the only agency authorized by Congress to make a back pay award which was the basis of the claim against the bankrupt's estate.

In the present case the rights of the employees to make proof of their claims in the bankruptcy court has been preserved by an order of the court.

We find no abuse of discretion on the part of the District Court in refusing to surrender jurisdiction in favor of arbitration. The res was in *custodia legis*. There was no occasion here for the court to abdicate its judicial functions.

The judgments are affirmed.