COMMERCIAL DISCOUNT CORPORATION, Respondent, v. LARSON, Appellant. [Case No. 228.]

COMMERCIAL DISCOUNT CORPORATION, Respondent, v. COUNTRY HOTEL, INC., and others, Appellants: FIRST NATIONAL BANK OF WAUKESHA, Defendant. [Case No. 229.]

*Nos. 228, 229. Argued April 2, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 347.)

For the appellants there were briefs by *Charne, Glassner, Tehan, Clancy & Taitelman,* and oral argument by *Ronald S. Jacobs,* all of Milwaukee.

For the respondent there was a brief by *Foley & Lardner* and *David E. Beckwith* and *James O. Huber,* all of Milwaukee, and oral argument by *Mr. Huber.*

HANLEY, J. The sole issue presented on this appeal is whether a party engaged in the business of making collateral or secured loans must obtain the permit required by sec. 138.07 (4), Stats.

The trial court found that this section does not require all parties engaged in the collateral loan business to obtain a permit, but merely requires a permit of those secured lenders who choose to charge the four percent service fee allowed by sec. 138.07 (3) (a), Stats. The trial court noting sec. 138.05 (5) [1] also found that, unless a lender has chosen to conduct business under sec. 138.07 (3) (a) and has thus obtained a permit pursuant to sec. 138.07 (4), it may lend money to corporations at any rate of interest agreed upon by the parties.

[1] Sec. 138.05 (1), (2), (3) and (4) limit the amount of interest which may be charged by lenders, but sec. 138.05 (5), Stats., states:

"This section shall not apply to loans to corporations except loans made by permittees under s. 138.07."

Sec. 138.07 (3) (a), Stats., states:

"REGULATIONS. (a) *When the payment of money loaned shall be secured,* or purport to be secured by mortgage, bill of sale, pledge, receipt or other evidence of debt upon goods or property, or by assignment of wages, or by power of attorney to execute any such instrument on behalf of the borrower, whether any such instrument or the power given to execute the same, shall be valid or not, or whether any such instrument or power shall be fully executed or executed partly in blank, *any* person, association, copartnership, or *corporation licensed under sub. (4) may* take, accept and *charge, in addition to the interest aforesaid, a service fee in an amount equal to 4% per annum of the loan* for the time of such loan, disregarding part payments and the dates thereof, but not to be computed for a period exceeding one year in any event, *in lieu of all charges for examinations, views, fees, appraisals, commissions and charges of any kind or description whatsoever in the procuring, making and transacting of the business connected with such loan.* In addition to the service fee, a licensee under sub. (4) may charge an amount sufficient to cover the fee for filing the termination statement required by s. 409.404." (Emphasis supplied.)

Sec. 138.07 (4), Stats., states in pertinent part:

"PERMITS. Before any person, or any association, copartnership or corporation, heretofore or hereafter created, *shall do business under sub. (3),* such person, association, copartnership or corporation shall first obtain a permit from the commissioner of banks, who is hereby invested with the supervision of such organizations. . . ." (Emphasis supplied.)

Despite the apparent clarity of sec. 138.07 (4), Stats., the appellants contend that "business" as used in such section refers to the entire "business" of making collateral loans and that *all* secured lenders are required to obtain the permit provided for by sec. 138.07 (4).

As indicated by the trial court, however, sec. 138.07 (3) (a), Stats., clearly allows a secured lender to either obtain a permit pursuant to sec. 138.07 (4), and

thereby receive permission to charge the four percent service fee in lieu of charging actual lending expenses, or decline doing so and simply charge his actual lending expenses (costs of examinations, views, fees, appraisals, etc.).

The appellants contend that such a reading of sec. 138.07 (3) (a) and (4), Stats., is unreasonable in that there is no reason why any secured lender would want to *limit* himself to the four percent fee rather than recover his actual lending costs. They further contend that under such an interpretation, supervision of the commissioner of banks extends only to those secured lenders who *limit* themselves to the four percent fee, while no supervision would be extended over the secured lenders who do not so *limit* themselves.

The obvious answer to why a secured lender would want to obtain a permit under sec. 138.07 (3) (a), Stats., is simply that on very large loans the four percent may well exceed the actual costs of making the loan (costs of examinations, views, fees, appraisals, etc.). In such cases the lender is not, as urged by the appellants, *limiting* himself, but may, in effect, be charging considerably more than the actual costs of making the loan. Since sec. 138.05 (1), (2), (3) and (4) limit the amount of interest which may be charged by lenders and since lenders have historically [2] attempted to increase the amount received from borrowers by charging lending expenses, it is understandable why the legislature would require permits before allowing secured lenders to charge a four percent fee instead of assessing actual costs.

Under the very wording of the statute any secured lender may, after acquiring a permit pursuant to sec. 138.07 (4), Stats., *either* charge the four percent fee in lieu of the actual expenses of making the loan or may assess the actual expenses. A secured lender who has

---

[2] *See: State ex rel. Ornstine v. Cary* (1905), 126 Wis. 135, 105 N. W. 792.

not done so, however, is limited to charging the actual expenses incurred in making the loan.

Such a reading of sec. 138.07 (3) (a), Stats., is consistent with sec. 138.05 (5), which allows a lender to charge any rate of interest to a corporation unless the lender has taken advantage of the four percent provision by obtaining a permit under sec. 138.07 (4). In *Country Motors v. Friendly Finance Corp.* (1961), 13 Wis. 2d 475, 109 N. W. 2d 137, this court, in effect, determined that a lender could charge a corporation any rate of interest agreed upon by the parties to the loan. Except as limited by sec. 138.05 (5), such is still the law of this state.

If the legislature had intended something other than the foregoing interpretation of sec. 138.07 (3) (a) and (4), Stats., it should so provide, for this court cannot upset or alter the plain and unambiguous wording of such statutes.

We conclude that since CDC did not charge appellants a sec. 138.07 (3) (a), Stats., service charge, thereby doing business thereunder and since sec. 138.07 (4) permits are not required to engage in the business of making collateral loans, the orders sustaining CDC's demurrers must be affirmed.

*By the Court.*—Orders affirmed.